IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND A. MCGINNIS,<br>　　　　Plaintiff,<br>　　v.<br>B.ATKINSON,<br>　　　　Defendants.<br>_____/ | 1:11-cv-01337-LJO-JLT (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>( Doc. 25) |

　　　　On September 2, 2011, Plaintiff filed a motion seeking the appointment of counsel. (Doc. 5.)  At that time, Plaintiff was advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

　　　　On March 12, 2012, Plaintiff filed a second motion seeking the appointment of counsel. Plaintiff's March 12, 2012 is identical to his prior motion for the appointment of counsel. (Doc. 25). As Plaintiff was informed by the Court in response to his previous motion, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the

1  district court must evaluate both the likelihood of success of the merits [and] the ability of the
2  [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id.
3  (internal quotation marks and citations omitted).

4      In the present case, the court does not find the required exceptional circumstances. Even if
5  it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
6  which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with
7  similar cases almost daily. This case involves a single defendant and a single excessive force claim,
8  and Plaintiff has shown his ability to adequately articulate his position in regard to both. Further, at
9  this stage of the proceedings, the Court cannot make a determination that Plaintiff is likely to
10 succeed on the merits of his claim.

11     For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY
12 DENIED, without prejudice.

13
14 IT IS SO ORDERED.
15 Dated:  **March 20, 2012**                             **/s/ Jennifer L. Thurston**
16                                                                             UNITED STATES MAGISTRATE JUDGE