IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND A. MCGINNIS, | 1:11-cv-01337-LJO-JLT (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR SOUND RECORDING |
| v. | (Doc. 30) |
| B.ATKINSON, | |
| Defendants. | |
| _____/ | |

Before the Court is the motion filed by Plaintiff to obtain a copy of the "sound recording" made by the court reporter at his deposition. (Doc. 30) In support of this motion, Plaintiff reports that he has received a copy of his deposition transcript and believes that there may be inaccuracies and, hence, wants an audio record of the deposition. Id. at 2. Also, Plaintiff reports that the deposition transcript was not signed under penalty of perjury by the court reporter and that, at his deposition, no one placed the court reporter under oath. Id.

In opposition, Defendants note that there is no sound recording available to provide Plaintiff and submit a letter written by the court reporting agency to Plaintiff to this effect. (Doc. 35-3 at 3) Likewise, Defendants provide a copy of the certification of Plaintiff's deposition transcript which was signed by the court reporter under penalty of perjury. Id. at 8. For the following reasons, the motion is **DENIED**.

First, there is no requirement that the court reporter be sworn before the deposition begins.

1  (Fed. R. Civ. P. 28(a); Fed. R. Civ. P. 30(b)(5)) Instead, the "deposition officer"–here, the court
2  reporter–was authorized to report the deposition because she was so designated by Defendants and
3  there is no indication that Plaintiff objected to this particular court reporter taking on this task.  (Fed.
4  R. Civ. P. 28(a); Fed. R. Civ. P. 29(a))  Second, the deposition was taken stenographically. (Doc. 35
5  at 8)  Though the court reporter may have used her computer's internal sound recording abilities also,
6  the official record was the stenographic record as transcribed by the court reporter into the transcript.
7  (Fed. R. Civ. P. 30(a)(3))  There is no indication that Defendants noticed the method of recording as
8  anything other than stenographic recording and there is no claim that there was any other
9  representation to Plaintiff that the official record would be anything other than the stenographic
10  record. (Doc. 30 at 1-2)  Thus, under Fed. R. Civ. P. 30(f)(3), the court reporter was required only
11  maintain copies of her stenographic notes.

12       Finally, even if the court reporter informally used her computer's ability to make a sound
13  recording during the deposition, she has reported to Plaintiff that there is no sound recording
14  available now.  (Doc. 35-3 at 3)  Even if she has destroyed this recording, this is not error.  The fact
15  that the court reporter may have used her computer's ability to also make a sound recording does not
16  mean that the deposition was audio recorded, as that term is meant under Fed. R. Civ. P. 30(b)(3),
17  for purposes of requiring her to either maintain the recording or to provide a copy upon request.

18       Accordingly, the motion for Defendants to provide a copy of the audio recording of
19  Plaintiff's deposition is **DENIED**.
20
21  IT IS SO ORDERED.
22  Dated:   **April 4, 2012**                                    **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE
23
24
25
26
27
28