IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MCGINNIS,<br><br>    Plaintiff,<br><br>v.<br><br>B. ATKINSON,<br><br>    Defendant. | Case No. 1:11-cv-01337 LJO JLT (PC)<br><br>**ORDER DENYING MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY**<br><br>(Doc. 38) |

Before the Court is Plaintiff's motion to compel further responses to discovery filed on April 25, 2012. (Doc. 38) It appears Plaintiff seeks further responses to request for production of documents numbers 1, 3 and 5. Defendant filed his opposition to the motion on May 18, 2012. (Doc. 39)[1] For the reasons set forth below, the motion to compel is **DENIED**.

**I.     Plaintiff has failed to demonstrate why he believes that Defendant's response to request for production set one, numbers 1, 3 and 5 were insufficient.**

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure. In relevant part, Rule 26(b) states:

---

[1] On May 23, 2012, Plaintiff filed a "response." (Doc. 41) However, this appears to be his response to discovery that has been propounded by Defendant. Plaintiff is advised that, unless responses are evidence in support or opposition to a motion, his responses should not be filed. Instead, he merely needs to serve them on Defendant.

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

      In responding to discovery requests for production of documents, Defendant must produce documents which are in his "possession, custody or control." Fed.R.Civ.P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D.Cal. 1995). Such documents also include documents under the control of the party's attorney. Meeks v. Parson, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D.Cal. September 18, 2009) (involving a subpoena to the CDCR); Axler v. Scientific Ecology Group, Inc., 196 F.R.D. 210, 212 (D.Mass. 2000) (A "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control."); Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ill. 1992).

      On the other hand, "[a] court may refuse to order production of documents of public record that are equally accessible to all parties." 7 James Wm. Moore, et al., Moore's Federal Practice, § 34.12[5] [b], at 34–53 (3d ed. 2011) (footnote omitted). "However, production from the adverse party may be ordered when it would be excessively burdensome . . . for the requesting party to obtain the documents from the public source rather than from the opposing party." Id. (footnote omitted).

      In his motion, Plaintiff reports that Defendant failed to provide certain documents to particular discovery requests. (Doc. 38 at 1) Plaintiff claims that Defendant failed to produce a report authored by D. Sedlezky (as to request number 1), the procedure for using pepper spray at KVSP ( as to request number 3) and the standard number of pepper spray canisters assigned to

Defendant (as to request number 5). Defendant reports that he responded to the requests on April 3, 2012. (Doc. 39 at 2) Because Plaintiff failed to alert Defendant as to his concerns over the discovery responses, Defendant was unaware of any claimed deficiency until he received the motion to compel. Id. After this, Defendant served a supplemental response on May 8, 2012, in which he provided two of the additional documents. Id. As to the third, Defendant has clarified that there is no document responsive.

**A.     Request number 1**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:
    All written statements, originals or copies, identifiable as reports about the incident on June 14, 2011 made by Kern Valley Correctional Officer [sic] and all employees.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO .1:
    Objection. Vague and ambiguous as to the term "incident." Responding party also objects on the ground that this request asks for documents protected from disclosure pursuant to California Penal Code §832.7 and the official information privilege. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1991); Deocampo v. City of Vallejo, 2007 U.S. Dist. LEXIS 43744, *15 (E.D. Cal. 2007); Kelly v. San Jose, 114 F.R.D. 653, 670 (N.D. Cal. 1987). All staff personnel matters are confidential in nature. As such, the details of any inquiry is not shared with staff, members of the public, or inmates. In addition, this request invades ATKINSON's right to privacy. Cal. Penal Code § 832.7; Cal. Evid. Code § 1040; Cal. Evid. Code § 1043; Cal. Evid. Code § 1045; Jaffee v. Redmond, 518 U.S. 1, 15 n. 15 (1996); Dagdagan v. City of Vallejo, 263 F.R.D. 632, 634 (E.D. Cal. 2009); Pagano v. Oroville Hospital, 145 F.R.D. 683, 687 (E.D.Cal.1993); Martinez v. City of Stockton, 132 F.R.D. 677, 681-83 (E.D.Cal.1990); Cook v. Yellow Freight, 132 F.R.D. 548 (E.D.Cal.1990). In addition, the request violates another inmate's right to privacy per the California Constitution Article 1 Section 1 and because dissemination of such records would violate California Penal Code §§11076, 11081 and 13300, Government Code
§6254 and §1040. Without waiving the objection, responding party assumes a CDCR 7219 exists for inmate Harrison which document is not being produced.
    Without waiving the objections, responding party hereby produces the following documents:
        1) Incident Report (13 pages);
        2) CDCR 7219 form regarding inmate McGinnis (1 page);
        3) 602 appeal (2 pages);
        4) The screening response at the first and second level denying your 602 appeal (2 pages); and
        5) The Rules Violation Report (7 pages).

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS
NO .1:
    Objection. Vague and ambiguous as to the term "incident." Responding party also objects on the ground that this request asks for documents protected from disclosure pursuant to California Penal Code §832.7 and the official information privilege. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1991); Deocampo v. City of Vallejo, 2007 U.S. Dist. LEXIS 43744, *15 (E.D.

Cal. 2007); <u>Kelly v. San Jose</u>, 114 F.R.D. 653, 670 (N.D. Cal. 1987). All staff personnel matters are confidential in nature. As such, the details of any inquiry is not shared with staff, members of the public, or inmates. In addition, this request invades ATKINSON's right
to privacy. Cal. Penal Code § 832.7; Cal. Evid. Code § 1040; Cal. Evid. Code § 1043; Cal. Evid. Code § 1045; <u>Jaffee v. Redmond</u>, 518 U.S. 1, 15 n. 15 (1996); <u>Dagdagan v. City of Vallejo</u>, 263 F.R.D. 632, 634 (E.D. Cal. 2009); <u>Pagano v. Oroville Hospital</u>, 145 F.R.D. 683, 687 (E.D.Cal.1993); <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677, 681-83 (E.D.Cal.1990); <u>Cook v. Yellow Freight</u>, 132 F.R.D. 548 (E.D.Cal.1990).
 In addition, the request violates another inmate's right to privacy per the California Constitution Article 1 Section 1 and because dissemination of such records would violate California Penal Code §§11076, 11081 and 13300, Government Code §6254 and §1040. Without waiving the objection, responding party assumes a CDCR 7219 exists for inmate Harrison which document is not being produced.
 Without waiving the objections, responding party hereby produces the following documents:
 1) Incident Report by Correctional Officer Sedlezky (2 pages); and
 2) Clarification of Report by Correctional Officer Oddie (2 pages).

Because Defendant has provided all responsive documents, including the one specifically requested by Plaintiff, there is no basis for granting the motion to compel. Thus, the motion is **DENIED**.

**B.** **Request number 3**

REQUEST FOR PRODUCTION OF DOCUMENTS NO.3:
 Any and all rules, regulations and policies of Kern Valley State Prison regarding cell extractions and the use of peppery [sic] spray.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.3:
 Objection. Compound. Without waiving this objection, responding party responds as follows: Kern Valley State Prison follows Title 15 Article 1.5 Section 3268 through 3268.3, which is hereby produced.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS
NO. 3:
 Objection. Compound. Further, responding party will not produce the following document in order to maintain the security of the prison and ensure the safety of prison staff and other inmates:
 1) Lesson Plan and Training Materials for OC Spray and Chemical Agents

Once again, Defendant has provided all responsive documents, including the one specifically requested by Plaintiff. Thus, the motion is **DENIED**.

**C.** **Request number 5**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:
 A copy of every item the Department of Corrections issued the defendant to maintain on his person at all times while on duty, with the standard issue number of each item for inspection.

4

1     RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:
        Objection. Overbroad and burdensome as to "every item." Vague and ambiguous as to "while on duty." The request also jeopardizes the security of the institution and is not reasonably calculated to the discovery of admissible evidence. Without waiving these objections, responding party responds as follows: There is not a responsive document fitting your request regarding what defendant ATKINSON wears each day. However, responding party hereby produces the following documents:
        1. Title 15 Article 2 Sections 3275-3276, which describes the CDCR's policy regarding weaponry and firearms worn by correctional officers (1 page);
        2. Section 33020.7.1 of the Department of Corrections Operations Manual which describes the Official Class "A" Uniform for Males (1 page); and
        3. Portion of the CDCR Uniform Specification Handbook regarding Miscellaneous Accessories for Uniform Staff (2 pages).

Here, Defendant has provided all responsive documents and reports that the additional document Plaintiff seeks does not exist. Thus, there are no grounds for granting the motion to compel.

Therefore, the motion to compel is **DENIED.**

## ORDER

Based upon the foregoing, Plaintiff's motion to compel is **DENIED**.

IT IS SO ORDERED.

    Dated:   **May 29, 2012**                  **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE