UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND A. MCGINNIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. ATKINSON,<br><br>　　　　Defendant. | Case No.: 1:11-cv-01337 LJO JLT<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 48) |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint and initiated this action on August 12, 2011. (Doc. 1.)

　　　　On June 19, 2012, Plaintiff filed his third motion for the appointment of counsel. (Docs. 5, 25, and 48.)  On each occasion, Plaintiff has been advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  Plaintiff has also been informed by the Court, in response to his previous motions, that without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional

1

circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, Plaintiff seeks appointment of counsel because of lack of access to the law library to prepare for his settlement conference. (Doc. 48 at 3). Plaintiff appeared for his settlement conference yesterday and the matter did not settle. Thus, the issue raised by the current motion is moot. Moreover, in the Court's experience, there is no legal research needed to prepare for a settlement conference. In any event, even if Plaintiff continues to have issues with access to the law library as the case nears to trial and it is assumed that Plaintiff's case has merit, such facts do not give rise to exceptional circumstances.

Plaintiff is further informed that prisoners do not have a freestanding right to a law library or to legal assistance. Lewis v. Casey, 518 U.S. 343, 351 (1996). Law libraries and legal assistance programs are only the means of ensuring that a prisoner's fundamental right to access the courts is preserved. Id. The accessibility or adequacy of a law library is therefore of constitutional concern only when it thwarts a prisoner from exercising his right to access the courts for the purpose of seeking redress for claimed violations of fundamental constitutional rights. Id. (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)).

This court is faced with cases similar to Plaintiff's case almost daily. This case involves a single defendant and a single excessive force claim, and Plaintiff has shown his ability to adequately articulate his position in regard to both.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **June 20, 2012**                    /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE

2